UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-02527-CAS-DTBx | Date | May 7, 2026 |
|---|---|---|---|
| Title | Jesse Feldman et al v. State Farm General Insurance Company et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND, THIRD, AND FOURTH CAUSES OF ACTION PURSUANT TO F.R.C.P. 12(B)(6) (Dkt. 15, filed on April 6, 2026)

## I.      INTRODUCTION

The Court finds that this matter may be appropriately decided without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

On February 6, 2026, plaintiffs Jesse Feldman and Hayley Feldman filed this action against defendant State Farm General Insurance Company ("State Farm") in the Los Angeles County Superior Court.  Plaintiffs' complaint asserts four causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) declaratory relief; (4) violation of California insurance regulations; (5) unfair competition in violation of Cal. Bus. & Prof. Code § 17200 (the "UCL").  Dkt. 1-1.

On March 10, 2026, defendant removed plaintiffs' action to this Court on the basis of diversity jurisdiction.  Dkt. 1.

On March 17, 2026, defendant filed a motion to dismiss plaintiffs' third, fourth, and fifth causes of action in plaintiff's complaint.  Dkt. 9.  On March 23, 2026, plaintiffs filed a First Amended Complaint, asserting the same four claims for relief asserted in their initial complaint.  Dkt. 10 ("FAC").  On March 24, 2026, the Court denied defendant's motion to dismiss as moot.  Dkt. 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-02527-CAS-DTBx | Date | May 7, 2026 |
|---|---|---|---|
| Title | Jesse Feldman et al v. State Farm General Insurance Company et al. | | |

On April 6, 2026, defendant filed the instant motion to dismiss the second, third, and fourth claims in plaintiffs' FAC.  Dkt. 15 ("Mot.").  On April 29, 2026, plaintiffs filed an opposition.  Dkt. 23 ("Opp.").  On May 6, 2026, defendant filed a reply.  Dkt. 24 ("Reply").

On April 27, 2026, plaintiff filed a Second Amended Complaint without stipulation or leave of Court.  Dkt. 20.  Accordingly, on April 28, 2026, the Court struck plaintiff's Second Amended Complaint.  Dkt. 22.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     BACKGROUND

Plaintiffs allege the following in their FAC.

### A.     The Parties

Plaintiffs Jesse Feldman and Hayley Feldman are individuals residing in Los Angeles County.  FAC ¶ 4.

Defendant State Farm General Insurance Company is an Illinois corporation authorized to do business in California.  Id. ¶ 5.

### B.     Factual Allegations

Plaintiffs were insured under a homeowners policy issued by defendant, Policy No. 75-G9-V810-9 (the "Policy").  Id. ¶ 9.  The policy provides coverage for dwelling, personal property, and additional living expenses.  Id. ¶ 10.

On January 7, 2025, wildfire smoke and ash infiltrated plaintiffs' home at 473 Upper Mesa Road, Santa Monica.  Id. ¶ 11.  The loss caused particulate contamination throughout the home's structure, attic, HVAC system, contents, and surrounding property.  Id. ¶ 12.

Plaintiffs promptly reported their claim for losses to defendant.  Id. ¶ 13.  Plaintiffs submitted extensive documentation of their losses, including: Hygienist report confirming contamination; HVAC replacement estimate ($36,250); Contents remediation estimates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-02527-CAS-DTBx | Date | May 7, 2026 |
|---|---|---|---|
| Title | Jesse Feldman et al v. State Farm General Insurance Company et al. | | |

($95,433.56); Non-salvageable contents ($48,085); Fine art ($5,000); Landscaping ($28,980); and "ALE invoices" ($43,031+). Id. ¶ 14.

Defendant issued partial payments but refused to pay significant portions of the claim. Id. ¶ 15.

Defendant limited its coverage to cleaning plaintiffs' HVAC system despite evidence of contamination; however, cleaning does not restore the system to pre-loss condition. Id. ¶¶ 16-17.

"Defendant refused to approve off-site contents remediation." Id. ¶ 18.

Plaintiffs incurred housing costs due to their home's uninhabitable conditions and "provided invoices, lease, and sworn declaration" to defendant. Id. ¶¶ 20-21. However, "[d]efendant refused to pay unless expenses were prepaid," in violation of the Policy terms. Id. ¶¶ 22-23.

Plaintiffs' home remains partially uninhabitable, and plaintiffs' HVAC system remains off due to contamination risks posed to inhabitants, including plaintiffs' minor child who has asthma. See id. ¶¶ 24-26.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-02527-CAS-DTBx | Date | May 7, 2026 |
|---|---|---|---|
| Title | Jesse Feldman et al v. State Farm General Insurance Company et al. | | |

read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.    DISCUSSION

Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's second, third, and fourth claims. Mot. at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-02527-CAS-DTBx | Date | May 7, 2026 |
|---|---|---|---|
| Title | Jesse Feldman et al v. State Farm General Insurance Company et al. | | |

### A.    Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant argues that plaintiffs' breach of the implied covenant of good faith and fair dealing claim fails as a matter of law because "the FAC's bad faith allegations are a bare conclusory checklist. In its entirety, the Second Cause of Action alleges: (1) that State Farm owed a duty of good faith (FAC, ¶30); (2) that State Farm breached by "unreasonable delay", "misrepresentation of coverage", "imposing extra-contractual requirements", "ignoring evidence", and "underpaying claim" (FAC, ¶31); and (3) that State Farm "acted maliciously and oppressively" (FAC, ¶ 32)." Mot. at 4. Defendant argues that because these statements "contain no factual allegations whatsoever … [the Court is] not bound to accept as true and legal conclusion couched as a factual allegation." Id. Moreover, defendant argues that "Plaintiffs failed to allege any harm to themselves caused by State Farm's alleged actions." Id.

In opposition, plaintiffs argue that they adequately allege a claim for breach of the implied covenant of good faith and fair dealing because they allege specific facts demonstrating that defendant breached the Policy in bad faith. Opp. at 2-3.

In reply, defendant "requests that this Court … allow Plaintiff[s] to file a Second Amended Complaint only as to [their] second cause of action for breach of the implied covenant of good faith and fair dealing." Reply at 3-4.

"[A] claim for breach of the implied covenant of good faith and fair dealing [must] 'go beyond the statement of a mere contract breach' and not 'rel[y] on the same alleged acts [or] simply seek the same damages or other relief already claimed in a companion contract cause of action.'" Env't Furniture, Inc. v. Bina, 2010 WL 5060381, at *3 (C.D. Cal. Dec. 6, 2010) (quoting Careau & Co. v. Sec. Pac., 222 Cal.App.3d 1371, 1395 (1990)). "In fact, plaintiffs must plead facts showing bad faith and demonstrating 'a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence, but rather by a conscious and deliberate act.'" Id. In the insurance context, "[u]nder California law, to establish a breach of the implied covenant of good faith and fair dealing, 'a plaintiff must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause.'" Pyramid Techs., Inc. v. Hartford Cas. Ins. Co., 752 F.3d 807, 823 (9th Cir. 2014) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-02527-CAS-DTBx | Date | May 7, 2026 |
|---|---|---|---|
| Title | Jesse Feldman et al v. State Farm General Insurance Company et al. | | |

The Court finds that plaintiffs sufficiently allege a claim for breach of the implied covenant of good faith and fair dealing against defendant. Plaintiffs allege that defendant withheld benefits due under the Policy by "issu[ing] partial payments but refus[ing] to pay significant portions of [plaintiffs'] claim." FAC ¶ 15. Plaintiffs also allege that defendant withheld benefits under the Policy in bad faith by "engag[ing] in a pattern of delay, underpayment, and improper denial of benefits, including refusal to pay for HVAC replacement, off-site contents remediation, [a]dditional [l]iving [e]xpenses, landscaping, … overhead[,] and profit." Id. ¶ 2. Such allegations adequately state a claim for breach of the implied covenant of good faith and fair dealing. See Pyramid Techs., Inc. v. Hartford Cas. Ins. Co., 752 F.3d 807, 823 (9th Cir. 2014) (citations omitted). See also Skye Bioscience, Inc. v. PartnerRe Ireland Ins. Dac, No. 2:23-CV-01218-CAS (AFMX), 2023 WL 4768734, at *14 (C.D. Cal. June 20, 2023) (claim for breach of the implied covenant of good faith and fair dealing adequately pled where plaintiff alleged that defendant "refused to reimburse [plaintiff] for defense costs; … failed to inquire into bases that might support coverage; unreasonably failed and refused to honor its representations and promises; unreasonably asserted grounds for denying coverage contrary to the terms of the policy, the law, insurance customs and practice, and the facts; and gave greater consideration to its own interests than it gave to [plaintiff's] interests.").

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

### B.    Declaratory Relief

Defendant argues that plaintiffs' third claim should be dismissed "because it is wholly duplicative of [their] first and second [claims]." Mot. at 4. Defendant argues that "the alleged dispute concerns State Farm's past claim-handling conduct, alleged failure to pay benefits, and interpretation of Policy provisions, all of which will be addressed in the adjudication of Plaintiffs' breach of contract and bad faith causes of action[;] [t]herefore, Plaintiffs' declaratory relief claim is clearly duplicative of Plaintiffs first and second causes of action for breach of contract and insurance bad faith." Id. at 5.

In opposition, plaintiffs argue that because they seek a declaration regarding the parties' ongoing obligations under the Policy, dismissal of their declaratory relief claim is not appropriate at this stage. Opp. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-02527-CAS-DTBx | Date | May 7, 2026 |
|---|---|---|---|
| Title | Jesse Feldman et al v. State Farm General Insurance Company et al. | | |

In reply, defendant's counsel argue that plaintiffs' claim for declaratory relief and their UCL claim should be dismissed because plaintiffs' counsel agreed, over a telephonic meet and confer, to voluntarily dismiss these two claims. Reply at 2.

As an initial matter, the Court notes that if plaintiffs wish to voluntarily dismiss any of their claims, they may do so by filing the appropriate motion under Fed. R. Civ. P. 41(a).

"[T]he district court has discretion to determine whether maintaining jurisdiction over the declaratory action would be appropriate." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1107 (9th Cir. 2011). "In evaluating the propriety of a declaratory action, the 'district court is to consider a variety of factors, including whether retaining jurisdiction would ... risk duplicative litigation ... [or] serve a useful purpose in clarifying the legal relations at issue.'" Siino v. Foresters Life Ins. & Annuity Co., 133 F.4th 936, 943 (9th Cir. 2025) (citation omitted).

Here, the Court finds that dismissing plaintiffs' claim for declaratory relief is not appropriate because a live controversy exists regarding defendant's coverage obligations under the Policy and would "serve a useful purpose in clarifying" defendant's coverage obligations to plaintiffs that may continue into the future. See id.

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiffs' claim for declaratory relief.

### C.    Unfair Competition

Defendant argues that plaintiffs' UCL claim fails because under the UCL, "a plaintiff may seek only equitable remedies, including restitution and injunctive relief," but "the FAC contains no specific factual allegations demonstrating that legal damages would be insufficient to make Plaintiffs whole, nor does it identify any distinct equitable injury." Mot. at 5-6 (citing Sonner v. Premiere Nutrition Corp., 971 F.3d 834, 841 (9th Cir. 2020)). Defendant further argues that plaintiffs' allegations that they lack an adequate remedy at law are "bare legal conclusions [that] are insufficient to [support] a UCL claim." Id. at 6.

In opposition, plaintiffs argue that they adequately allege that they lack an adequate remedy at law because they have alleged ongoing harm absent injunctive relief. Opp. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:26-cv-02527-CAS-DTBx | Date | May 7, 2026 |
|----------|------------------------|------|-------------|
| Title | Jesse Feldman et al v. State Farm General Insurance Company et al. | | |

In reply, defendant largely repeats its arguments.  Reply at 3.

Here, in support of their UCL claim, plaintiffs allege that they "lack an adequate remedy at law because" they are suffering ongoing harm and that "[i]njunctive relief is necessary." FAC ¶ 36.  Considered alongside the entire FAC, such allegations are not conclusory; the Court construes plaintiffs' request for injunctive relief under the UCL as one seeking to clarify defendant's ongoing coverage obligations under the Policy—a kind of relief that is not recoverable under plaintiff's breach of contract and bad faith claims for damages.  Because plaintiffs adequately allege that they lack an adequate remedy at law, their UCL claim is adequately pleaded.

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiffs' UCL claim.

## V.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to dismiss plaintiffs' First Amended Complaint.

The Court **VACATES** the hearing scheduled for May 18, 2026.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |